UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS,

        Plaintiff,                    Case No. 1:10-cv-1301

v.                                          Honorable Janet T. Neff

PRISON HEALTH SERVICES, INC. et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Shortly after the complaint was filed, as required under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court reviewed the complaint to determine whether it was frivolous, malicious, failed to state a claim upon which relief can be granted, or sought monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Following that review, the Court dismissed the action against all Defendants on February 18, 2011, concluding that Plaintiff had failed to allege an Eighth Amendment claim.

Plaintiff appealed the dismissal to the Sixth Circuit. The court of appeals affirmed the Court's Eighth Amendment determinations, but concluded that this Court had failed to address Plaintiff's retaliation claim. According to the Sixth Circuit, Plaintiff alleged that "he filed a previous action against the defendants and was told by Defendant Jody LeBarre that, if he would stop filing grievances and lawsuits, he would not have any more problems with prison staff." *Harris v. Prison Health Serv., Inc.*, No. 11-1306, slip op. at 3 (6th Cir. Oct. 24, 2011). The court acknowledged that

the allegation was "somewhat vague," but concluded that, liberally construed, the allegation was sufficient to state a First Amendment retaliation claim. The Sixth Circuit remanded the case to this Court "for consideration of th[e] claim." *Id.*

Upon due consideration, the Court concludes that Plaintiff's conclusory allegations fail to state a retaliation claim against any Defendant except Defendant LeBarre. As a consequence, the Court will dismiss all Defendants except LeBarre from the action and will serve only the retaliation claim against Defendant LeBarre.

I. Factual Allegations

Plaintiff Curtis Harris is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Ionia Maximum Correctional Facility (ICF). The events underlying Plaintiff's complaint occurred while he was housed at ICF and at the Marquette Branch Prison (MPB). Plaintiff sued Prison Health Services, Inc. (PHS), PHS Doctors Richard Czop, Scott Holmes, Richard Bohjanen, and PHS Physician Assistants Michael Kennerly and Joshua Kocha. He also sued the following ICF employees: Registered Dietician Patricia Wallard; Health Unit Manager Nurse Jody LeBarre; Nurses J. Schad, Byran Deeren, Betty Jo Kemp, Ann Maroulis, Jodi Swain, Magen Johnson, Christy Jastifer, Angela Todd, Rebacca Delano, (unknown) Smith, and (unknown) Epharim. In addition, Plaintiff sued MDOC Region I Risk Management Nurse Jeannie Stephenson and the following MBP health-care officials: Nurses Larry Hill, Sandra Shaker, John Kimsel, Michael Grant; and Registered Dietician Kelly Wellman.

The gravamen of Plaintiff's complaint was that Defendants had violated the Eighth Amendment by providing inadequate medical treatment between February 11, 2010 and the time of the complaint. Plaintiff objected to the adequacy of treatment for his hypoglycemia and hiatal

hernia and the adequacy of follow-up testing after a 2005 procedure to repair a cerebral aneurysm. The bulk of his 25-page pleading consisted of the specifics and dates of his medical concerns. The Sixth Circuit has affirmed the Court's dismissal of Plaintiff's Eighth Amendment claims against all Defendants, and those allegations are not presently before the Court.

Plaintiff's allegations about retaliation are extremely limited. First, he alleges that, on June 8, 2010, "Defendant - LeBarre told Plaintiff this is only the beginning of having problems with Medical and Custody staff and told Plaintiff to stop filing grievances, suits and complaints in general, I would not have the problems I am having." (Compl., docket #1, Page ID#20.) Second, he alleges that he "was interviewed by Defendant - LeBarre, 10-15-2010; who was extremely upset and told Plaintiff Health Care here at (I.C.F.) was t[ir]ed of him." (*Id.*, Page ID#22.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations of retaliation are limited to two comments made by Defendant Nurse LeBarre on June 8, 2010 and October 15, 2010, which referenced Plaintiff's many complaints and grievances. Filing a grievance or a lawsuit is constitutionally protected conduct under the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). Plaintiff, however, fails to allege with any specificity what alleged conduct taken by which Defendants constituted adverse action. Instead, he sweepingly suggests that all treatment decisions at two prison institutions were collectively adverse because he was unsatisfied with them. Such an allegation falls far short of identifying adverse action taken by a specific Defendant.

Moreover, Plaintiff fails entirely to allege facts suggesting that any Defendant (with the possible exception of LeBarre) acted with a retaliatory motive. Statements made by LeBarre as a nurse in the ICF health unit do not provide evidence of any other Defendant's retaliatory motive in taking any action. A defendant's statements or conduct are not evidence of retaliation if the defendant is not the decisionmaker taking the alleged adverse action. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999).[1] Moreover, as the Court noted in its February 18, 2011 opinion, Plaintiff's complaint repeatedly alleges that Defendants were incompetent and negligent – not that they acted with a deliberate intent of any sort. (*See* 2/18/11 Op., docket #4 at 11, Page ID#96.) Plaintiff therefore fails to allege a retaliation claim against any Defendant other than LeBarre.

---

[1] Indeed, the Court notes that Defendants Hill, Shaker, Kimsel, Grant, Stephenson, and Wellman were not even located at the same prison facility as Defendant LeBarre.

**Conclusion**

Having conducted the review required on remand from the Sixth Circuit, the Court determines that Plaintiff's retaliation claim against all Defendants except Defendant LeBarre will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court's February 18, 2011 decision dismissing the Eighth Amendment claims against all Defendants was affirmed by the Sixth Circuit.   As a consequence, all claims against all Defendants except Defendant LeBarre are dismissed and they are entitled to dismissal from the action.  The Court will serve the retaliation claim against Defendant LeBarre.

An Order consistent with this Opinion will be entered.


Dated:  December 6, 2011	/s/ Janet T. Neff
	Janet T. Neff
	United States District Judge